## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT　☒ INFORMATION　☐ INDICTMENT
☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

### OFFENSE CHARGED

15 U.S.C. §§ 78j(b) and 78ff; 17 C.F.R. §§ 240.10b-5, 240.10b5-1, 240.10b5-2 – Securities Fraud (Insider Trading)

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:　Maximum term of imprisonment: 20 years
Maximum term of supervised released: 3 years
Maximum fine: $5 million
Mandatory $100 special assessment
Potential Forfeiture

#### DEFENDANT - U.S

▶ JOHN MENDES

DISTRICT COURT NUMBER

4:22-cr-00359-YGR

**FILED**

Sep 20 2022

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

### PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)

FBI (SA Jeffrey Chisholm)

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
　☐ U.S. ATTORNEY　☐ DEFENSE

SHOW DOCKET NO. }

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE CASE NO. }

Name and Office of Person Furnishing Information on this form　STEPHANIE M. HINDS

☒ U.S. Attorney　☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)　Sailaja M. Paidipaty

### DEFENDANT

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District) _____

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other charges
　} ☐ Federal ☐ State

If answer to (6) is "Yes", show name of institution _____

Has detainer been filed?　☐ Yes　☐ No　} If "Yes" give date filed _____

**DATE OF ARREST** ▶ Month/Day/Year _____

Or... if Arresting Agency & Warrant were not
**DATE TRANSFERRED TO U.S. CUSTODY** ▶ Month/Day/Year _____

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS　☒ NO PROCESS*　☐ WARRANT

Bail Amount: _____

If Summons, complete following:
☐ Arraignment　☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Date/Time: _____　Before Judge: _____

Comments:

1    STEPHANIE M. HINDS (CABN 154284)
     United States Attorney

2

3

4

**FILED**

Sep 20 2022

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

5

6

7

8                  UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10                    OAKLAND DIVISION

11   UNITED STATES OF AMERICA,       )   CASE NO. 4:22-cr-00359-YGR
                                      )

12        Plaintiff,                   )   <u>VIOLATIONS</u>:
                                      )   15 U.S.C. §§ 78j(b) and 78ff; 17 C.F.R. §§ 240.10b-

13       v.                          )   5, 240.10b5-1, 240.10b5-2 – Securities Fraud
                                      )

14   JOHN MENDES,                      )
                                      )

15       Defendant.               )   OAKLAND VENUE
                                      )

16   _____ )

17                        I N F O R M A T I O N

18   The United States Attorney charges:

19                        <u>Introductory Allegations</u>

20       At all times relevant to this Information:

21                   <u>Relevant Entities and Individuals</u>

22       1.      Defendant JOHN MENDES ("MENDES") was a resident of Oakland, California.  He

23   was employed as a registered representative and investment advisor representative with a broker-dealer

24   and investment advisory registered with the Securities and Exchange Commission.  Mendes was close

25   friends with an individual referenced herein as "Insider One."

26       2.      Granite Construction, Inc. ("Granite") was a construction materials company focused on

27   large scale public and private infrastructure projects, headquartered in Watsonville, California.  Granite

28   was publicly traded on the New York Stock Exchange under the symbol "GVA."

INFORMATION                                1

3.      Layne Christensen Company ("Layne") was a water management, construction, and drilling company, that was headquartered at the time in The Woodlands, Texas.  Layne was publicly traded on the New York Stock Exchange under the symbol "LAYN," until it was acquired by Granite in 2018.

4.      "Insider One" is an individual who worked at Granite during the period in which Granite was engaged in negotiations to acquire Layne and then reached an agreement to acquire Layne.  Insider One actively worked on the acquisition and learned material non-public information regarding the deal prior to any public disclosure of the potential acquisition.  As a requirement of Insider One's employment, Insider One received training in and agreed to by bound by Granite's policies and procedures, which prohibited insider trading and improper disclosure of material nonpublic information.  As part of Insider One's employment, Insider One had a duty to maintain the confidentiality of information learned in the course of employment with Granite, including confidential business information regarding potential acquisitions.

The Insider Trading Scheme

5.      From a time unknown, but no later than November 2016 through in or about February 2018, MENDES devised a scheme to defraud in connection with securities of Layne.  During this time, Insider One disclosed material nonpublic information to MENDES regarding Granite's potential acquisition of Layne before the transaction was disclosed publicly.  MENDES learned this information in the course of his friendship with Insider One.  MENDES knew that Insider One learned the material nonpublic information in the course of Insider One's employment at Granite.  MENDES further knew that by disclosing the information MENDES, Insider One was violating a duty to maintain the confidentiality of information learned in the course of employment with Granite.

6.      MENDES used the material nonpublic information that he learned from Insider One to purchase or sell securities for his benefit.

7.      In doing so MENDES breached a duty of trust and confidence that he had with Insider One based on their friendship.  MENDES had a history, pattern, or practice of sharing confidences with Insider One and knew or reasonably should have known that Insider One expected that MENDES would maintain the confidentiality of the material nonpublic information.

INFORMATION                                     2

8.      As a part of the scheme to defraud, MENDES purchased LAYN stock based on material nonpublic information in advance of a February 14, 2018, announcement notifying the public of Granite's anticipated acquisition of Layne.  For example, on November 3, 2017, MENDES purchased 1,000 shares of LAYN in a brokerage account that he managed for his parents at a cost of approximately $13,140.  The following week, on November 12, 2017, MENDES purchased 670 shares of LAYN in a brokerage account in MENDES's wife's name at a cost of approximately $8,789.  Between November 2017 and January 2018, MENDES purchased common stock or options of LAYN in no fewer than 10 client accounts.  All of these securities were sold for a profit following the February 14, 2018 announcement of Granite's acquisition of Layne.  Based on the price of LAYN stock from the time they were purchased to the time they were sold after the announcement of Granite's agreement to acquire Layne, the purchases of LAYN stock generated profits of approximately $54,687 in his wife's accounts, $15,251 in his parents' accounts, and approximately $173,000 in his other customers' and clients' accounts.

COUNT ONE:      (15 U.S.C. §§ 78j(b) and 78ff; 17 C.F.R. §§ 240.10b-5, 240.10b5-1, 240.10b5-2 – Securities Fraud)

9.      Paragraphs 1 through 8 are re-alleged and incorporated as if fully set forth here.

10.     From a time unknown, but no later than November 2016 through in or about February 2018, in the Northern District of California and elsewhere, the defendant,

JOHN MENDES,

did willfully and knowingly, directly and indirectly, by the use of means and instrumentalities of interstate commerce, and of the mails, and of facilities of national securities exchanges, in connection with the purchase and sale of securities, use and employ manipulative and deceptive devices and contrivances, in violation of Title 17, United States Code, Section 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Sections 240.10b5, 240.10b5-1, and 240.10b5-2, by (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and course of business which operated and would operate as a fraud and deceit upon persons, specifically, MENDES executed and

1   caused others to execute securities transactions in Layne stock and options based on material nonpublic

2   information, including through the purchase of approximately 1,000 shares of Layne common stock on

3   November 3, 2017 at a cost of $13,140.70 through a brokerage account held at Independent Financial

4   Group.

5   DATED: September 20, 2022                    STEPHANIE M. HINDS
                                                 United States Attorney
6

7   /s/ Sailaja M. Paidipaty
                                                 SAILAJA M. PAIDIPATY
8                                                Assistant United States Attorney

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INFORMATION                                      4